**Satnam Singh CHANDI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71521.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed April 13, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Satnam Singh Chandi seeks relief from a decision by the Board of Immigration Appeals ("BIA") denying him asylum and relief from removal. Before this court he advances four contentions: (1) because the signature of the issuer of the Notice to Appear ("NTA") was illegible, the Immigration Judge ("IJ") lacked jurisdiction; (2) he was denied his right to a full and fair removal hearing because his attorney was compromised by being implicated as a participant in a criminal immigration enterprise; (3) the finding that he was not

credible is not supported by substantial evidence; and (4) the evidence does not support the BIA finding that his application for asylum was frivolous. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision. We affirm the BIA's denial of relief to Chandi, but vacate its determination that his application for asylum was frivolous.

**1.** Chandi's not entitled to any relief on his contentions that the illegible signature of the issuer of the NTA deprived the IJ of jurisdiction because these arguments were rejected by this court in *Kohli v. Gonzales*, 473 F.3d 1061, 1065–70 (9th Cir.2007).

**2.** We review de novo Chandi's claim that he was denied due process because his attorney was compromised by being implicated in a criminal immigration enterprise. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). To prevail, Chandi must show that his proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Id.* (quoting *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)). In addition, he must show prejudice: that "the outcome of the proceeding may have been affected by the alleged violation." *Id.*

Our review of the record shows that Chandi's counsel was misidentified as an attorney implicated in the criminal enterprise, and that the misidentification was immediately corrected. We further determine that the alleged deficiencies in Chandi's counsel's performance, such as his failure to cross-examine the government's witness, did not affect the outcome of the proceedings.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

3. The BIA's determination that Chandi was not credible is reviewed for substantial evidence and will be upheld unless we find that the evidence presented compels a different result. *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000); *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). Our review of the record shows that the BIA's finding that Chandi was not credible is amply supported by his contradictory testimony, by his presentation of identification documents that depicted him with short hair at a time when he claimed to have long hair, and by his failure to elaborate on his claim that he escaped from the police when their jeep became stuck in the mud.

4. If an alien has been advised of the penalty for "knowingly filing a frivolous application of asylum," he may be found to have filed a frivolous application, and that determination renders the alien permanently ineligible for any immigration benefits. 8 U.S.C. § 1158(d)(4), (6). Moreover, 8 C.F.R. § 1208.20 provides that in order to enter such a finding the IJ or BIA must be "satisfied that the applicant, during the course of proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." In *Farah v. Ashcroft*, 348 F.3d 1153, 1158 (9th Cir.2003), we vacated a ruling of frivolousness because the alien had not been given an opportunity to address the discrepancies that the IJ relied on in determining that the application was frivolous. Even assuming that Chandi received notice as required by § 1158, it appears that although the IJ clearly explained his reasons for finding that Chandi was not credible, he did not identify the specific discrepancies on which he based his determination that the application was frivolous and did not give Chandi an opportunity to address those discrepancies. Accordingly, bound as we are by *Farah*, the determination that the application of asylum was frivolous must be vacated.

Chandi's petition for review of the BIA's decision is denied as to the denial of asylum and relief from removal, but granted as to the finding that his application was frivolous. Petition **GRANTED** in part, **DENIED** in part, and **REMANDED**.